**BRACKENRIDGE et al. v. ROBERTS et al.
(No. 3923.)**

(Supreme Court of Texas. March 18, 1925.)

1. **Evidence ☞373(1)—Entire instrument not proved by proving part of it.**

An instrument cannot be proved by proving part of it.

2. **Wills ☞216—To probate will, it must be proved, with quantum of proof required by statute.**

To prove will for probate, whole of instrument must be proved, with quantum of proof required by Rev. St. art. 3272.

3. **Wills ☞296—Proof raising issue that testator signed subsequent will containing revoking clause held to affect issue as to whether former will was revoked.**

Where there was proof raising issue that testator executed subsequent will containing revoking clause with present intention that it be his will, it cannot be said that, because all its contents cannot be proved, it could have no effect on issue as to whether former will was revoked.

4. **Wills ☞290—Proponents of will have burden to prove that it had not been revoked.**

Proponents of will have burden, under Rev. St. art. 3271, subd. 5, to prove that it had not been revoked.

5. **Wills ☞288(3)—In will contest, burden of proof is on proponent.**

In will contest, burden of proof is on proponent.

6. **Wills ☞296—Testimony, raising issue as to whether there was subsequent will containing revoking clause, had positive bearing on issue, whether will offered was revoked.**

When testimony clearly raised issue as to whether testator executed subsequent will containing revoking clause, it had direct and positive bearing on issue, whether will offered for probate was revoked.

7. **Wills ☞290—Fact that contestants could not prove contents of subsequent will did not relieve proponents of burden to show former will was not revoked.**

Fact that contestants were unable to prove all contents of subsequent will alleged to contain revoking clause did not discharge or relieve proponents from burden of showing that will offered for probate was not revoked.

Error to Court of Civil Appeals of Fourth Supreme Judicial District.

On rehearing. Former opinion affirmed.

For former opinion, see 267 S. W. 244. See, also, 245 S. W. 786.

PIERSON, J. Able counsel for plaintiffs in error have filed a motion for rehearing, in which they strenuously argue that this court should render judgment in favor of plaintiffs in error. They say that contestants failed to prove, and were unable to prove, the contents of the so-called revoking will of 1920, and on that account no effect can be given to it whatever, and that without it there is no proof that the 1913 will, offered for probate, was ever revoked, and therefore it should be admitted to probate. Their proposition is, you cannot prove an instrument by proving a part of it, and argue that, since all of the said 1920 instrument cannot be proven, it cannot be known, and it is not shown, that Mr. Brackenridge did not modify the revoking clause therein contained as testified to by the witnesses, or that he did not make it and the whole writing conditioned upon some contingency or otherwise limit, modify, or destroy its effect.

[1-3] We may grant the proposition that an instrument cannot be proved by proving a part of it. But we must not confuse the issue. The real issue is not whether the 1920 instrument is or is not proved. The issue is whether or not plaintiffs in error, proponents of the 1913 will, have proved that it (the 1913 will) was not revoked by Mr. Brackenridge. If the instrument alleged to have been executed by Mr. Brackenridge in December, 1920, as a will, were offered for probate, it could not be probated upon the proof offered. To prove that an instrument did exist, and to prove what the instrument in all of its parts did contain, are quite different issues. Of course, enough must be proved to show that the instrument was a will in its essential attributes. The honorable Court of Civil Appeals for the Fourth Supreme Judicial District and the honorable district court in this case held the view that an instrument in writing in the form of a will, containing a clause revoking former wills, and written and signed by the testator in his own handwriting, was and constituted a will under the terms of our statutes. That view is correct as far as the legal rule goes, and, if it be admitted that such an instrument so executed was intended by the testator to be his will at the time of its execution, it would be a will. It is quite another thing to prove such an instrument for probate. The whole of the instrument must be proved, with quantum of proof provided by Rev. St. art. 3272. Likewise, when there is proof which raises the issue that the testator did write and sign a subsequent will containing a revoking clause, with the present intention that same be his will, it cannot be said that, because all of its contents cannot be proved, it could have no effect upon the issue as to whether a former will had been revoked by the testator.

[4] In offering the 1913 will for probate, it was incumbent upon proponents, plaintiffs in error here, to prove that it had not been revoked. It is provided in article 3271, subd. 5:

"Before admitting a will to probate, it must be proved. to the satisfaction of the court * * * that such will has not been revoked by the testator."

[5] In a will contest the burden of proof is on the proponent. Prather v. McClelland (Tex. Civ: App.) 26 S. W. 657; Locust v. Randle, 46 Tex. Civ. App. 544, 102 S. W. 947; Green v. Hewett, 54 Tex. Civ. App. 534, 118 S. W. 171. See, also, Lanham v. Lanham, 62 Tex. Civ. App. 431, 146 S. W. 635.

The testimony offered by contestants in this case, while falling short of that required before the instrument of 1920 could be probated as a will, yet is sufficient to raise the issue as to whether the will of 1913 was revoked by the testator. This is true, notwithstanding all the contents of the alleged instrument of 1920 could not be proven. The issue in regard thereto is not that an instrument can be proved by producing only a part of it.

[6, 7] When the testimony in a case clearly raises an issue as to whether a testator did execute a subsequent will containing a revoking clause, it has a direct and positive bearing upon the issue whether or not the will offered for probate was revoked by the testator. The burden of proof being upon the proponent of the will offered for probate, certainly the fact that contestants were unable to prove all the contents of such subsequent will would not discharge or relieve the proponents from such burden.

The motion for rehearing is overruled.

CURETON, C. J., not sitting.