W. L. NOEL et al., Appellants,

v.

Merritt Dell ORR et al., Appellees.

No. 11528.

Court of Civil Appeals of Texas.

Austin.

Sept. 13, 1967.

Rehearing Denied Oct. 4, 1967.

Phillip Palmer, William R. Lozano, San Antonio, for appellant.

Carter, Callender & Onion, James L. Branton, San Antonio, for appellee.

HUGHES, Justice.

This suit is a collateral attack on the judgment of the County Court of Comal County, Texas, rendered October 2, 1961, admitting to probate a writing as the last will and testament of Cora Doell Noel, deceased.[1]

The form of this suit is one to remove the judgment probating such will as a cloud on the title to certain described real estate in Comal County which the testatrix owned at the time of her death.

The parties to this suit are W. L. Noel, Maxie Luppens and Monty Doell, plaintiffs, and Merritt Dell Orr, Erna Doell Thain and husband George Thain, defendants.

These parties claim an interest in the property in suit either under the will of Cora Doell Noel or as her heirs and the heirs of her deceased husband, H. L. Noel.

The trial court rendered judgment that plaintiffs, appellants here, take nothing by their suit.

Appellants present a single point which is that the judgment of the County Court admitting the writing tendered as the will of Cora Doell Noel to probate is void and that the trial court erred in not removing such judgment as a cloud on the title to the real estate in suit.

The application to probate the will of Cora Doell Noel contained this allegation:

"Said decedent left a Will entirely in her own handwriting, dated August 11, 1956, but said Will does not appoint an Executor. Said Will is filed with this Application."

H. L. Adams, a witness, testified in support of the application to prove such will. His testimony was reduced to writing,

1. Cause No. 3888, In the Matter of the Estate of Cora Doell Noel, deceased, In the County Court of Comal County, Texas.

sworn to, and was filed in the probate cause. We quote from such affidavit as follows:

"I was well acquainted with Cora Doell Noel during her lifetime, having known her for *five* years before her death on September 8, 1958. I am familiar with the handwriting of the said Cora Doell Noel, and know that the signature on her Will dated August 11, 1956, which has been shown to me, is the true signature of the said Cora Doell Noel."

A similar affidavit made by Erna Doell Thain was filed in such probate cause.

The judgment probating the will of testatrix, we copy in full:

"No. 3888

| IN THE MATTER OF THE ESTATE OF CORA DOELL NOEL, DECEASED | IN THE COUNTY COURT OF COMAL COUNTY, TEXAS |

ORDER PROBATING WILL AS MUNIMENT OF TITLE.

ON THIS 2nd day of October, 1961, came on to be heard the Application for Probate of the Last Will and Testament of Cora Doell Noel, Deceased, as a Muniment of Title, said Application having been filed by Merritt Dell Orr, nephew of said deceased.

It appearing to the Court that legal notices of the filing of said Application have been issued and posted and served in the manner and for the length of time required by law, and that no one came to contest the same; and it further appearing from the testimony of the respective parties who have sworn to and subscribed in open Court the Affidavits filed herein, that the said Cora Doell Noel died in Comal County, Texas, where her residence and domicile were situated, on September 8, 1958; that this Court has jurisdiction of said estate; that the said Cora Doell Noel was 58 years of age at the time of making her said Will; that the handwriting in the signature of said deceased is her true signature; that the said Cora Doell Noel was of sound and disposing mind and memory at the time of making said Will, and that to their knowledge said Will has not been revoked;

And it further appearing to the Court that said Will was executed by said deceased with the formalities and solemnities and under circumstances required by law to make it a valid Will:

It is therefore ORDERED, ADJUDGED AND DECREED by the Court that said Will is hereby proven, established and probated, and admitted to probate and record as the Last Will and Testament of Cora Doell Noel, Deceased, said Will being probated as a Muniment of Title, there being no debts and no need for administration.

/s/ Clarence W. Rice
COUNTY JUDGE, COMAL COUNTY, TEXAS."

A photostatic copy of the writing offered as the will of Cora Doell Noel appears in the record. It is all handwritten.

We quote from appellants' brief the substance of their argument that the probate judgment is void:

"Appellants contend that the County Court in this case failed to act in conformity with the Probate Code so as to validity exercise the probate jurisdiction granted to it by the Constitution.

V.A.T.S. Probate Code, Sec. 60 in part provides: 'Where the will is written wholly in the handwriting of the testator, the attestation of the subscribing witnesses may be dispensed with.'

V.A.T.S. Probate Code, Sec. 84(b) provides: 'If not self-proved as provided in this Code, a will wholly in the handwriting of the testator may be proved by two witnesses to his handwriting, which evidence may be by sworn testimony or affidavit taken in open court, or, if such witnesses are non-residents of the county or are residents who are unable to attend court, by deposition, either written or oral, taken in the same manner and under the same rules as depositions taken in other civil action.'

The alleged will, affidavits and the Judgment, i. e., the record, reflect that the proof offered by Appellee, Merritt Dell Orr, was not that required for the probate of a holographic will. The instrument filed by Appellee, Merritt Dell Orr, is obviously wholly handwritten. However, the Probate Code requires that before any such instrument can be admitted to probate as a Last Will and Testament, same must be proved by two witnesses to the handwriting which evidence may be sworn testimony or affidavit taken in open court, that it was wholly in handwriting of the testator."

The principles to be applied here do not seem to be in dispute. We believe they are well settled. The subject has been recently treated by Gus M. Hodges, Professor of Law, University of Texas, in Articles, Collateral Attacks on Judgments, appearing in Vol. 41, p. 163, and p. 499, Texas Law Review. Needless to say, these articles are scholarly, comprehensive, and supported by the citation of Texas authorities. We quote the following principles and statements from these articles which we accept as sound and applicable here:

"Further, as will be shown, recitations in the judgment control the rest of the record, so that even though other parts of the record show a lack of jurisdiction, if the judgment recites the contrary, the collateral attack fails.

The policy considerations which support such a drastic doctrine must be considered, since it may indeed result in the injustice of binding a person by a judgment rendered by a court which had no jurisdiction. The value of the sanctity of official judicial records and the counter-injustice which would result from allowing them to be contradicted by extrinsic evidence after a lapse of time, with the resulting fading of memories subject to the pressures of self-interest are important. The general policy favoring the final ending of disputes is also involved.

However, the strongest support for the policy is found by analogy to the similar effect given to the recordation of titles to land. There also, injustice is suffered by one who is the true owner of land but loses to another whose conveyance from the record owner, who in truth had no interest, is protected. The analogy is apt since all but a relatively few decisions invoking the principle are cases involving titles to land.

The principle to be developed here may be summarized as follows: Evidence extrinsic to the record may not be considered. Recitation of the judgment controls the rest of the record. Lack of jurisdiction must affirmatively appear in the record, for if the record is silent the attack fails. * * *

It is said that Texas is the only jurisdiction in the United States in which recitations of the judgment control the rest of the record in this last situation. It is quite clear that in Texas the recitations do so control.

So it is accurate to say, as to Texas law, that the recitations do control all else, unless a lack of jurisdiction is shown

in the judgment itself, despite the recitation. * * *

The recitations need not be specific to be controlling and ordinarily are quite general."

■ Applying these principles to the judgment probating the will, we conclude that such judgment does not affirmatively disclose a lack of jurisdiction or authority for its rendition. On the contrary, it contains recitations, general in nature, sustaining its jurisdiction and authority to probate the will of Cora Doell Noel.

The general recitation found in the judgment is that it appeared to the Court "* * that said will was executed by said deceased with the formalities and solemnities and under circumstances required by law to make it a valid will. * * *"

We find nothing in the judgment inconsistent with or contradictory of this judgment recital.

The finding in the judgment that the handwritten signature was the true signature of deceased is not a finding that the will was not wholly in her handwriting. It is a finding consistent with the requirements for all written wills. It, therefore, could not be proof that the court lacked jurisdiction or authority to probate this will, nor could it create a doubt as to the jurisdiction or authority of the court.

■ Proof of a will is not limited to the statutory methods of proving a will. Hopf v. State, 72 Tex. 281, 10 S.W. 589. Sec. 84, Probate Code, Vol. 17A, V.A.T.C.S., provides, in part, that a holographic will "may" be proved in the manner stated. Other means of proof are not excluded.

In this case the will was before the court for inspection. The authenticity of the signature on it being established, the court could compare this signature with the body of the will. From our examination of a copy of this will it appears to us, as laymen, and must have so appeared to the probate judge, that it was wholly written by the person who signed it.

We also observe that there is no showing that the affidavits or testimony of the two witnesses, noted above, constituted all the evidence before the court probating this will. On this point, we quote again from the article by Mr. Hodges, p. 532:

"Perhaps in its broadest statement, that recitals in the judgment control all else, the rule is not as clearly supported by policy grounds as other rules on collateral attack. Obviously the recitals control as against extrinsic evidence, and also when the rest of the record is silent or in accord with the recitations. Likewise, even if the rest of the record shows facts which would indicate a lack of jurisdiction standing alone, if it does not exclude the possibility that other facts exist which would show proper jurisdiction notwithstanding, the recitals of the judgment would control, elsewhere as in Texas."

■ In affirming this judgment, we quote, appropriately we believe, the following from Whitman v. Haywood, 77 Tex. 557, 14 S.W. 166:

"All that was required was to show that an order for the probate of the will was made by a court having jurisdiction to make the order. If the evidence was not sufficient to authorize the judgment, the only way to avoid its effect was to pursue the remedies prescribed by the statute for that purpose. In a collateral proceeding the evidence upon which the will was established will not be considered, however defective it may seem."

The judgment of the trial court is affirmed.

Affirmed.