### INTERNATIONAL SECURITY LIFE INSURANCE CO., Appellant,

v.

### Golden W. SULLIVAN, Appellee.

### No. 8100.

Court of Civil Appeals of Texas, Amarillo.

Feb. 22, 1971.

Rehearing Denied March 22, 1971.

Bryan & Amidei, Frank H. Pope, Jr., Fort Worth, for appellant.

James K. Walker, Morton, for appellee.

REYNOLDS, Justice.

Appellee filed suit to recover indemnities set out in a policy of medical and hospital insurance issued by appellant. The trial court, without the intervention of a jury, entered judgment in favor of appellee for hospital and medical expenses and attorney's fees, "plus twelve per cent (12%) penalty on the amount of this judgment all as provided by Article 3.62 of the Insurance Code of the State of Texas". No findings of fact or conclusions of law were requested of or filed by the trial judge.

The policy under which recovery was sought was introduced in evidence, and excluded from its coverage any indemnities for expenses resulting wholly or partly in or from sickness or accidental bodily injury originating prior to June 3, 1968, its effective date. Appellee was hospitalized from January 4 to January 11, 1969. The implied finding of the trial judge supported appellee's contention that influenza, indisputably originating subsequent to the effective date of the policy, was the reason for her hospitalization. Appellant sought to avoid liability on the pleaded defense that the hospitalization resulted wholly or in part from a leg injury, suffered by appellee in July of 1955, indemnities for medical treatment expenses for which were excluded by the policy provisions.

The policy exclusion having been specifically pleaded by appellant, the burden of proof in negativing this defensive avoidance of liability shifted to appellee. Sherman v. Provident American Ins. Co., 421 S.W.2d 652 (Tex.Sup.1967). Appellant having asserted that the implied finding of the trial judge on which the judgment is based is so contrary to the great weight and preponderance of the evidence as to be clearly wrong, it becomes our duty to examine and consider all of the evidence heard by the trial court to determine whether appellee met her burden of proof. In Re King's Estate, 150 Tex. 662, 244 S. W.2d 660 (1951).

Appellee testified before the court and the evidence of Dr. Fenella Frey, the admitting and treating doctor, was given through her written answers to direct and cross interrogatories. In substance, the evidence revealed that appellee consulted Dr. Frey on January 4, 1969, complaining of a temperature and of feeling bad, "aching and hurting all over". Dr. Frey's recorded diagnosis was flu syndrome, chronic osteoarthritis, flexion contracture left thigh, ASVD, and cholecystitis with cholelithiasis, in that order. In answer to Dr. Frey's inquiry about her leg, appellee replied, "(I)ts hurting. It always does". Dr. Frey recorded appellee's chief complaint as "leg hurts". When appellee's leg hurts, she does not "hurt all over". Appellee said she was hospitalized for influenza and not for her leg pain. Dr. Frey said the leg pain was appellee's reason for requesting admission initially. Dr. Frey, in answers to questions as to the cause of hospitalization, stated in one answer that it was for flu syndrome and leg pain, in that order; in another answer she said hospitalization was for leg pain and flu syndrome, in that order; in another answer she stated admission was for leg pain and on the day of admission appellee was found to have influenza; and in yet another answer she stated "The cause with the exception of first days (sic) stay was the respertory (sic) infection (Flu Syndrome)".

In stipulating the amount of the hospital expenses, the parties specifically excluded the hospital charge made for treatment to appellee's leg. Dr. Frey's charges were stipulated, and the evidence is undisputed that she made no charge for treating appellee's leg condition.

The conflicting evidence merely raised a question of fact as to the cause of hospitalization and the resulting expenses, and the trial judge had the duty to assess the credibility of the witnesses and the weight to be given their testimony. The opinion of a doctor is not controlling or binding on the court in a matter provable other than by an expert with scientific knowledge, Angelina Casualty Co. v. Spencer, 310 S.W.2d 682 (Tex.Civ.App.—Beaumont 1958, writ ref'd n. r. e.), and, in this instance, the cause of hospitalization is not a matter provable only by an expert with scientific knowledge. The court was not bound by the testimony of any one witness, but could accept all, part or none thereof, or make his own deduction from all the evidence. Southland Life Ins. Co. v. Aetna Casualty & Surety Co., 366 S.W.2d 245 (Tex.Civ.App.—Fort Worth 1963, writ ref'd n. r. e.). In the absence of findings of fact, the assumption that the trial judge found every disputed fact in such a way to support the judgment he rendered must be given validity, Construction & General Labor Union, Local No. 688, et al. v. Stephenson, 148 Tex. 434, 225 S.W.2d 958 (1950), and we are not authorized to reverse the judgment of the trial court when the implied finding on which it is based is supported by the probative evidence existing in this case. Accordingly our finding, that the record as a whole does not reveal the implied finding on which the judgment is based is so against the great weight and preponderance of the evidence as to be manifestly wrong and unjust, requires that appellant's first two points must be overruled.

Appellant challenges the allowance of the statutory penalty on the entire

amount of the judgment and, on the theory that appellee's claim was properly denied by appellant, contends the trial court erred in allowing the statutory penalty and attorney's fees. Appellee tacitly, if not actually, concedes the statutory penalty should not apply to the amount of attorney's fees, which were stipulated. Having found that appellant is liable for, and has not paid, the policy indemnities for hospital and medical expenses, the allowance of the statutory penalty thereon was proper, but the application of the statutory penalty to the amount of attorney's fees was improper. Vernon's Ann.Civ.St., Insurance Code, Article 3.62, and cases cited thereunder. The trial court's judgment is reformed to eliminate the statutory penalty on the amount of attorney's fees.

As reformed, the judgment of the trial court is affirmed.