John HENDERSHOT, Appellant,

v.

AMARILLO NATIONAL BANK et al.,
Appellees.

No. 8238.

Court of Civil Appeals of Texas,
Amarillo.

Jan. 31, 1972.

Rehearing Denied Feb. 28, 1972.

Lockhart, Lindsey & Neal, Connally Lockhart, Amarillo, for appellant.

Gibson, Ochsner, Adkins, Harlan & Hankins, Jewett E. Huff, Underwood,

Wilson, Sutton, Heare & Berry, R. A. Wilson, Amarillo, for appellees.

REYNOLDS, Justice.

Appellant John Hendershot has appealed from a judgment denying him a decree of specific performance and damages in connection with a contract for the sale of land. Affirmed.

Appellant, as purchaser, and the owner appellees, ten in number, executed a written contract for the conveyance to appellant of a good and merchantable title to approximately 320 acres of land located in Beckham County, Oklahoma, for a purchase price of $36,000.00. The contract contained an option allowing appellant to demand specific performance if the title were not perfected. The contract was not consummated. Asserting that appellees had not perfected the title, appellant filed this suit to compel appellees to convey to him whatever title they held to the land with a reduction in the purchase price corresponding to the expenses to clear title, and in the alternative, for damages for expenditures made on, and the appreciation in value of, the land. Appellant did not tender any part of the stated purchase price into the registry of the court. Trial was before the court without the intervention of a jury. The trial court entered judgment denying appellant all relief requested, and made and filed findings of fact and conclusions of law in support of the judgment.

■ The granting or withholding of a decree of specific performance rests in the sound judicial discretion of the trial court after a consideration of all the circumstances of each particular case upon equitable principles. Bergstedt v. Berider, 222 S.W. 547 (Tex.Com.App.1920, holding approved); Fisher v. Wilson, 185 S.W.2d 186 (Tex.Civ.App.—Dallas 1944; aff'd, Wilson v. Fisher, 144 Tex. 53, 188 S.W.2d. 150). One of the essential equitable elements in obtaining a decree of specific performance is that the party seeking the decree must plead and prove that he is ready, willing and able to perform, even though a tender of the purchase price may be excused. Corzelius v. Oliver, 148 Tex. 76, 220 S.W.2d 632 (1949); Burford v. Pounders, 145 Tex. 460, 199 S.W.2d 141 (1947).

■ Among the fact findings upon which the trial court denied specific performance was one that appellant was not ready, willing and able, at all times material, to pay the purchase price in cash, and was not able to obtain a definite loan commitment which assured him the ability to pay for the land. Appellant challenges this finding, and a review of the evidence germane to this proposition is indicated.

The evidence is that appellant personally did not have the cash to pay the purchase price. His effort to secure a Farmers Home Administration loan to purchase the property, as apparently was contemplated when the contract was executed, resulted in a refusal of the loan by the Beckham County FHA loan committee. Appellant's attempts to induce three of the appellees to carry the loan were unsuccessful. He was unable to secure a loan sufficient for his needs from three other lending agencies. It was appellant's position that the title was impure and that "nobody would loan money on a place without a clear title." Appellant and a Mr. G. B. Van Zandt testified that on some date neither could fix with certainty, Van Zandt agreed to loan appellant $34,000.00 of the purchase price until appellant could place the loan with a loan company that would carry it permanently. The terms and conditions of the loan were not fixed, but a term of five years was discussed. In consideration of the loan, appellant agreed to convey 80 acres of royalty in the property to Van Zandt; however, appellant testified that appellees "had signed an oil lease and a gas lease" and "this would cloud up the gas royalties which in turn would foul up my financing." According to Van Zandt, the source of the $34,000.00 he proposed to loan appellant was his bank. When asked if he were prepared to make the loan, Van

Zandt testified, "I have seen my banker. I can make arrangements." There is no evidence that appellant had any contact with Van Zandt's bank or that the bank was obligated in any way to make the loan. The record is silent as to appellant's source of, or ability to pay, the $2,000.00 difference between the proposed Van Zandt loan of $34,000.00 and the $36,000.00 purchase price.

 The conflicting evidence merely raised a fact issue as to whether appellant was ready, willing and able to pay the purchase price, and the trial judge had the duty to assess the credibility of the witnesses and the weight to be given their testimony. The court was not bound by the testimony of any one witness, but could accept all, part or none of the testimony, or make its own deduction from all the evidence. International Security Life Insurance Company v. Sullivan, 465 S.W.2d 186 (Tex.Civ.App.—Amarillo 1971, writ ref'd n. r. e.). The only evidence tending to establish even appellant's partial ability to perform was that concerning the proposed Van Zandt loan, but it is evident that the source of the funds was Van Zandt's bank which was not shown to be legally obligated to advance the funds. When a purchaser is depending on a purchase price loan from a party who is no way bound to furnish the funds, the purchaser is not able to perform so as to be entitled to specific performance. 81 C.J.S. Specific Performance § 91. There is sufficient evidence of probative force to support the trial court's finding that appellant was not ready, willing and able to perform, and we are bound by the finding, Hood v. First National Bank of Panhandle, 410 S.W.2d 449 (Tex. Civ.App.—Amarillo 1966, writ ref'd n. r. e.); Rule 396, Texas Rules of Civil Procedure, and, in that event, we are not authorized to substitute a different finding. Liedeker v. Grossman, 146 Tex. 308, 206 S.W.2d 232 (1947).

Since appellant failed to establish the essential element of his ability to per-

form, the trial court was correct in denying him a decree of specific performance. Thus, it is not necessary that we discuss the other assignments of error directed to the additional fact findings from which the trial court also concluded that appellant was not entitled to a specific performance decree.

The trial court further found that appellant was not entitled to damages. No specific attack is made on these findings, but the contention is advanced that the trial court should have awarded damages in connection with a decree of specific performance. In view of our holding that appellant is not entitled to the specific performance decree, this contention is without merit.

The judgment of the trial court is affirmed.