In the Matter of the ESTATE of Howard PAGE, Deceased.

No. 1119.

Court of Civil Appeals of Texas, Corpus Christi.

Nov. 30, 1976.

Rehearing Denied Dec. 30, 1976.

William W. McNeal, Luling, Ned Kinkler Handly, Newton, Handly & Williams, Beeville, for contestant.

Richard E. Rudeloff, Beeville, for proponent.

## OPINION

NYE, Chief Justice.

This is an appeal from the Order of the District Court of Bee County admitting an instrument to probate as the Last Will and Testament of Howard Page, Deceased. The parties by joint motion transferred the Proponent's application for probate of the instrument to the district court in accordance with the Texas Probate Code, Section 5 (1975). At the conclusion of the trial, the court ordered the Will admitted to probate and filed findings of fact supporting its Order. It is from this Order that the Contestant Gwendolyn Page Vance has duly perfected her appeal.

The document in question was dated June 11, 1958, and was signed by the Testator, Howard Page. It was witnessed by the Honorable Reese D. Wade, who was a practicing attorney in Bee County, and by a Pat Dudenhoeffer. Page died December 28, 1972.

When the case was called for trial, the Proponent's attorney announced that he would prove up the Will under Section 84 of the Texas Probate Code, because the Honorable Reese D. Wade (one of the attesting witnesses) was dead and that Pat Dudenhoeffer no longer resided in Bee County and her exact whereabouts were not known.

Section 84(b) of the Probate Code provides, in part, that an attested Will which is not self-proved may be proved up by one of several methods. First, it may be proved by the sworn testimony or affidavit of one or more subscribing witnesses. Second, if all witnesses are non-residents of the county or are unable to attend the hearing, then the Will may be proved by the sworn deposition of said witnesses; or, if no opposition in writing to the Will is filed, by the sworn testimony or affidavit of two witnesses to the signature of the witnesses or of the Testator; or, if it can be shown that only one witness can be found, then by the testimony of one witness to the signature or handwriting of the witnesses and the Testator. Third,

"(3) If none of the witnesses is living, or if all of such witnesses are members of the armed forces of the United States of America or of any auxiliary thereof, or of the armed forces reserve of the United States of America or of any auxiliary thereof, or of the Maritime Service, and are beyond the jurisdiction of the court, by two witnesses to the handwriting of one or both of the subscribing witnesses thereto, or of the testator, if signed by him, and such proof may be either by sworn testimony or affidavit taken in open court, or by deposition, either written or oral, taken in the same manner and under the same rules as depositions taken in other civil actions; or, if it be shown under oath to the satisfaction of the court that, diligent search having been made, only one witness can be found who can make the required proof, then by the sworn testimony or affidavit of such one taken in open court, or by deposition in the manner provided herein, to such signatures or handwriting."

Section 88(b) of the Probate Code provides that:

"(b) *Additional Proof for Probate of Will.* To obtain probate of a will, the applicant must also prove to the satisfaction of the court:

(1) If the will is not self-proved as provided by this Code, that the testator, at the time of executing the will, was at least eighteen years of age, or was or had been lawfully married, or was a member of the armed forces of the United States or of the auxiliaries thereof, or of the Maritime Service of the United States, and was of sound mind; and

(2) If the will is not self-proved as provided by this Code, that the testator executed the will with the formalities and solemnities and under the circumstances required by law to make it a valid will; and

(3) That such will was not revoked by the testator."

Evidence was admitted concerning the authenticity of the signatures of the Will. The Proponent's attorney testified that he

was familiar with the signature of both Reese D. Wade and Howard Page and that the signatures on the Will were those of Mr. Wade and Mr. Page. Next, Edwin A. Diebel, Senior Vice President and Trust Officer of the Commercial National Bank in Beeville, took the stand and testified that he was familiar with the signatures of both Reese D. Wade and Howard Page. He testified that the signatures on the Will were genuine and that they were those of Reese D. Wade and Howard Page. Both witnesses testified that they did not know anyone by the name of Pat Dudenhoeffer, who was living in Bee County. The trial court took judicial notice of the death of the Honorable Reese D. Wade, who was admitted to be the late brother of the trial judge. The Will was then admitted into evidence.

The trial court found that the Testator had executed the Will with the formalities and solemnities and under such circumstances as by law so required in order to make it a valid Will and that said Will was not revoked by the Testator. In particular, the trial court found that the Testator was of sound mind, and was at least nineteen at the time of the execution of the Will; that the Will was subscribed and attested by two witnesses, one deceased and the other a non-resident of the county whose address and whereabouts were unknown; and that the signatures of Reese D. Wade and Howard Page appearing on the Will were in fact the signatures of Reese D. Wade and Howard Page.

The Contestant in her points of error 1–3 complains of the action of the trial court in admitting the Will to probate, claiming that the evidence concerning proper execution was totally insufficient under Section 84 of the Probate Code. The Contestant argues that since the Proponent failed to prove that Pat Dudenhoeffer was dead or that she was in the armed forces, proper execution of the Will was not demonstrated. The Contestant further argues that there was no evidence as to the age of Pat Dudenhoeffer nor was there evidence that either of the subscribing witnesses subscribed their name to the Will in the presence of the Decedent. In effect, the Contestant says that the requirements of Section 84 are mandatory and not permissive. We disagree.

█ The requirements of Section 84 of the Probate Code are not mandatory. To begin with, Section 88 of the Code states that the applicant must prove up the Will ". . . to the satisfaction of the court." Section 84(b) provides that if the Will is not self-proved, it ". . . may be proved" in the aforementioned manner. See *Noel v. Orr,* 418 S.W.2d 690 (Tex.Civ.App.—Austin 1967, writ ref'd n. r. e.). The Courts of this State have uniformly held that proof other than that set out by statute may be used to prove up a Will. *Hopf v. State,* 72 Tex. 281, 10 S.W. 589 (1888); *Noel v. Orr,* supra; *Massey v. Allen,* 248 S.W. 1067 (Tex.Com. App.—1923, judgm't adopted). However, before any secondary evidence of the proper formalities of a Will may be offered, the Proponent must first account for the witnesses and offer some reason for their failure to appear and offer primary evidence of the validity of the Will. *Aschenbeck v. Aschenbeck,* 62 S.W.2d 326 (Tex.Civ.App.—Austin 1933, writ dism'd); *In re Estate Simms,* 442 S.W.2d 426 (Tex.Civ.App.—Texarkana 1969, writ ref'd n. r. e.); *Jones v. Steinle,* 15 S.W.2d 165 (Tex.Civ.App.—Austin 1929, no writ). This was done by the Proponent. It was conclusively established that the witness Reese D. Wade was dead and that Pat Dudenhoeffer could not be located. It was, therefore, permissible for the Proponent to proceed with secondary evidence as to the validity of the Will. The Proponent presented the testimony of two witnesses who identified the signatures of the Testator and of one of the witnesses as authentic.

The Proponent put the Will itself into evidence which contained the following attestation clause: "The foregoing (will) was on this date signed by Howard Page, in our presence, and in the presence of each of us, and at the time of his subscribing said instrument, he declared that it was his will and at his request in his presence and in the presence of each other, we have subscribed

our names as witnesses hereto on the *11* day of June, 1958.

/s/ Reese D. Wade
/s/ Pat Dudenhoeffer"

■ It is a settled principal of law in this State that where there is no primary evidence of proper execution, the attestation clause constitutes some evidence of proper publication. *Wilson v. Paulus,* 15 S.W.2d 571 (Tex.Com.App.—1929, holding approved); *Jones v. Whiteley,* 533 S.W.2d 881 (Tex.Civ.App.—Fort Worth 1976, writ ref'd n. r. e.); *Nichols v. Rowan,* 422 S.W.2d 21 (Tex.Civ.App.—San Antonio 1967, writ ref'd n. r. e.); *Reese v. Franzheim,* 381 S.W.2d 329 (Tex.Civ.App.—Houston 1964, writ ref'd n. r. e.); *Seydler v. Baumgarten,* 294 S.W.2d 467 (Tex.Civ.App.—Galveston 1956, writ ref'd n. r. e.). See also *Massey v. Allen,* supra; *Ludwick v. Fowler,* 193 S.W.2d 692 (Tex.Civ.App.—Dallas 1946, writ ref'd n. r. e.). The statements in the attestation clause raise a rebuttable presumption of proper execution. *Wilson v. Paulus,* supra; *Jones v. Whiteley,* supra; *Nichols v. Rowan,* supra; *Seydler v. Baumgarten,* supra. The Contestant offered no evidence of improper execution. We hold that there is sufficient evidence to support the trial court's finding of proper execution. The Contestant-appellant's points of error 1–3 are overruled.

■ In points of error 4–7, the appellant contends through no evidence, insufficient evidence and against the great weight and preponderance of the evidence points of error, that the trial court erred in finding that the Will was not revoked. In a Will contest instituted prior to admission of the Will to probate, the Proponent has the burden of proving the Will has not been revoked. Section 88(b)(3), Tex.Prob.Code Ann. (Supp.1976); *Ashley v. Usher,* 384 S.W.2d 696 (Tex.Sup.1964); *Brackenridge v. Roberts,* 114 Tex. 418, 270 S.W. 1001 (1925); *Jones v. Whiteley,* supra; *Farr v. Bell,* 460 S.W.2d 431 (Tex.Civ.App.—Dallas 1970, writ ref'd n. r. e.); *Huckaby v. Huckaby,* 436 S.W.2d 601 (Tex.Civ.App.—Houston [1st Dist.] 1968, writ ref'd n. r. e.); *Stewart v. Long,* 394 S.W.2d 25 (Tex.Civ.App.—Dal-

las 1965, writ ref'd n. r. e.); *Turner v. Turner,* 384 S.W.2d 195 (Tex.Civ.App.—Tyler 1964, no writ); *Baptist Foundation of Texas v. Buchanan,* 291 S.W.2d 464 (Tex. Civ.App.—Dallas 1956, writ ref'd n. r. e.). Once it is proven that a Will is otherwise valid and has been executed with the requisite formalities and solemnities, a rebuttable presumption of continuity is recognized and it is not necessary for the Proponent to produce direct evidence of non-revocation in the absence of evidence of revocation. *May v. Brown,* 144 Tex. 350, 190 S.W.2d 715 (1945); *Ashley v. Usher,* supra; *Jones v. Whiteley,* supra; *Wilson v. Paulus,* supra; *Farr v. Bell,* supra; *Mayo v. Mattiza,* 480 S.W.2d 9 (Tex.Civ.App.—Corpus Christi 1972, no writ).

In this case, the Contestant attempted to raise the issue of revocation through the deposition testimony of the Testator's mother, Riney Lue Page. Mrs. Page testified that her son (the Decedent) told her he had made a Will. She also testified that this Will gave his land to his daughter Gwen Vance and to his son Michael Page. This particular disposition is somewhat inconsistent from the disposition in the Will that was admitted to probate. The admitted Will gave a life estate in all of the Decedent's property to the Proponent (the Decedent's wife), and then divided the land between the Decedent's children, Gwen Vance and Michael Page and to his stepchild, Dennis DeWitt, equally. The Decedent's mother, Mrs. Page, testified that the Decedent told her he was not leaving anything to his stepson, Dennis DeWitt. The attorney for the Proponent, the Honorable Richard E. Rudeloff, testified that he had no knowledge that the Will that was offered for probate had ever been revoked. It should be noted that Mr. Rudeloff was not the attorney who drew up the Will that was offered for probate, but he testified that he had performed legal services for the Decedent.

■ If a Contestant puts on sufficient evidence to rebut the presumption of non-revocation, then the burden of going forward with evidence shifts back to the Pro-

ponent who must discharge, by a preponderance of evidence, that the Will was not revoked. *Usher v. Gwynn,* 375 S.W.2d 564 (Tex.Civ.App.—San Antonio 1964) aff'd *Ashley v. Usher,* supra. See 17 A.L.R.3rd 596.

Texas Courts recognize a distinction between evidence to raise an issue of revocation and sufficient evidence to show execution of a subsequent revoking Will. *May v. Brown,* 144 Tex. 350, 190 S.W.2d 715 (1945); *Brackenridge v. Roberts,* 114 Tex. 418, 270 S.W. 1001 (1925); *Corbell v. Koog,* 188 S.W.2d 905 (Tex.Civ.App.—Austin 1945, writ ref'd). The Contestant made no attempt to prove up a revoking Will. The evidence of the possible existence of a subsequent Will was offered by the Contestant only to raise an issue of revocation of the Will which was offered for probate by the Proponent.

■ The trial court found that the Will had not been revoked. It should be noted that the trial judge was the trier of facts and the sole judge of the credibility of the witness and the weight to be given to the witnesses' testimony. The trial judge was not bound by the testimony of any particular witness and was free to draw his own deductions from all the evidence. *Harrell v. Sunylan Company,* 128 Tex. 460, 97 S.W.2d 686 (1936); *Shaw v. Holmes,* 524 S.W.2d 74 (Tex.Civ.App.—Waco 1975, no writ); *Flagg Realtors, Inc. v. Harvel,* 509 S.W.2d 885 (Tex.Civ.App.—Amarillo 1974, writ ref'd n. r. e.); *Hendershot v. Amarillo National Bank,* 476 S.W.2d 919 (Tex.Civ. App.—Amarillo 1972, no writ); *International Security Life Insurance Co. v. Sullivan,* 465 S.W.2d 186 (Tex.Civ.App.—Amarillo 1971, writ ref'd n. r. e.); *Farr v. Bell,* 460 S.W.2d 431 (Tex.Civ.App.—Dallas 1970, writ ref'd n. r. e.); *Bennett v. Belton,* 436 S.W.2d 161 (Tex.Civ.App.—Fort Worth 1968, writ ref'd n. r. e.); *Broden v. Broden,* 330 S.W.2d 674 (Tex.Civ.App.—San Antonio 1959, writ dism'd).

■ The evidence brought out in the trial showed that Mrs. Riney Lue Page, the Decedent's mother, was antagonistic toward the Proponent. She was of the impression that the Proponent and the Decedent had been divorced and were not married at the time of his death. There was no evidence for a basis for such belief. Mrs. Page's eye sight was limited. Her hearing was such that she was required to communicate by writing at times, because she was unable to fully understand what people were saying. She admitted that she never did see the alleged subsequent Will. She was unaware of what year or approximately what year was involved at the time the alleged statements were made to her by her son. She stated that she had never discussed her son's alleged Will with anybody. She said that she had never read such subsequent Will. She conceded that she had misunderstood her son "lots of times." Her testimony was confusing and disjointed. It is clear to us, as it was to the trial court, that the Contestant's evidence of revocation through Mrs. Page was far from being persuasive. The Contestant did not establish facts of revocation of the admitted Will to the satisfaction of the trier of facts or to us. There must be substantial evidence of revocation before the presumption of continuity of a will is revoked. *May v. Brown,* 144 Tex. 350, 190 S.W.2d 715 (1945).

We have carefully reviewed all of the evidence and agree that the evidence was sufficient to support the trial court's order admitting the Will to probate. Contestant-appellant's points of error 4–7 have been considered and are overruled.

The judgment of the trial court is AFFIRMED.