

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

_____

No. 07-21-00096-CV
_____

ACG 11519 PECAN CREEK, LLC, APPELLANT

V.

ALEK ORLOFF, APPELLEE

On Appeal from the 98th District Court
Travis County, Texas
Trial Court No. D-1-GN-21-001351; Honorable Dustin M. Howell, Presiding

May 25, 2022

## MEMORANDUM OPINION

Before PIRTLE and PARKER and DOSS, JJ.

Appellant, ACG 11519 Pecan Creek, LLC ("ACG"), appeals from the trial court's *Order Granting Plaintiff's Motion for Partial Summary Judgment*, rendered in favor of Appellee, Alek Orloff, in Orloff's suit for breach of contract regarding the purchase of

commercial real property located in Williamson County.[1]  By a sole issue, ACG questions whether Orloff was entitled to summary judgment on his breach of contract claim without having performed an express, specific, non-ambiguous obligation (pre-litigation mediation) required of him under section 21 of the contract.  We reverse and remand the cause to the trial court for further proceedings.

## FACTUAL BACKGROUND

On July 16, 2020, Alek Orloff and ACG entered into a *Texas Realtors Commercial Contract – Improved Property* for the purchase of real property located at 11519 Pecan Creek Parkway in Austin for the sum of $3,100,000.  Pursuant to that contract, AGC agreed to sell, and Orloff agreed to purchase the property in question for the agreed-upon sum of $3,100,00, payable in cash at closing.  Orloff deposited $31,000 with a title company as earnest money and closing was scheduled for August 10, 2020.

Before the scheduled closing, ACG discovered that its underlying financial obligation, as set out in its promissory note to Arbor Agency Lending, LLC, was not in accordance with the terms ACG anticipated.  Specifically, the prepayment provisions contained in the promissory note to Arbor called for a prepayment penalty of $630,000, rather than the expected amount of $80,000.  ACG attributed this difference to Arbor's prior undiscovered unilateral action. The promissory note has now been sold and cannot

---

[1] Originally appealed to the Third Court of Appeals, sitting in Austin, this appeal was transferred to this court by the Texas Supreme Court pursuant to its docket equalization efforts.  TEX. GOV'T CODE ANN. § 73.001.  Should a conflict exist between precedent of the Third Court of Appeals and this court on any relevant issue, this appeal will be decided in accordance with the precedent of the transferor court.  TEX. R. APP. P. 41.3.

be reformed to reflect the negotiated terms.[2]  ACG asserts the misunderstanding rendered the contract unconscionable and that Orloff was aware of the misunderstanding.

In anticipation of the upcoming closing date, Orloff tendered the necessary proceeds and documents on his part for closing.  In response, ACG's broker sent the following message to Orloff's counsel:

> my clients aren't signing.  I really wish [Orloff] would try to be somewhat reasonable.  I think we both know trying to have my clients pay him interest on $2MM for 7.5 years isn't being reasonable.  My clients are going to fight this to the end.  And hopefully bond rates change and the yield maintenance drops enough to cover the lawyer expenses and then some.

When ACG failed to perform under the contract, Orloff sued ACG for breach of contract and sought specific performance, damages, and attorney's fees.  Orloff later moved for partial summary judgment.  ACG responded and pleaded the affirmative defense of mutual mistake regarding the terms of the promissory note.  On December 16, 2020, the trial court signed the *Order Granting Plaintiff's Motion for Partial Summary Judgment*, finding that (1) ACG breached the contract, (2) Orloff established a right to specific performance, and (3) Orloff was entitled to attorney's fees in an amount "to be determined by the trier of fact."  On January 5, 2021, Orloff filed a notice nonsuiting his claim for attorney's fees.

Paragraph 15B of the *Commercial Contract* provides that, if, without fault, ACG, as seller, is unable to perform certain conditions, then Orloff may (1) terminate the contract and receive the earnest money as liquidated damages and as Orloff's sole remedy; or (2)

---

[2] ACG filed a thirty-party petition against Arbor.  That claim has been severed from this case and Arbor has removed the case to federal court.

3

extend the time for performance up to 15 days and the closing date will be extended as necessary.

Paragraph 15C of the *Commercial Contract* provides that, except as provided by Paragraph 15B, just discussed, in the event ACG fails to comply with the contract, then Orloff may terminate the contract and receive the following options:

(1) terminate this contract and receive the earnest money, less any independent consideration under Paragraph 7B(1) [providing for $1,000 as independent consideration during the feasibility period], as liquidated damages and as Buyer's sole remedy; or

(2) enforce specific performance or seek such other relief as may be provided by law, or both.

Furthermore, paragraph 21 of the *Commercial Contract* provides as follows:

[t]he parties agree to negotiate in good faith in an effort to resolve *any dispute related to this contract* that may arise. If the dispute cannot be resolved by negotiation, the parties will submit the dispute to mediation before resorting to arbitration or litigation and will equally share the costs of a mutually acceptable mediator. This paragraph survives termination of this contract. This paragraph does not preclude a party from seeking equitable relief from a court of competent jurisdiction.

(Emphasis added). Finally, paragraph 23 of the *Commercial Contract* provides that "[t]ime is of the essence in this contract."

PROCEDURAL BACKGROUND

Orloff sued ACG for breach of a purchase agreement for real property, seeking specific performance under the contract and attorney's fees. The lawsuit was originally assigned Cause Number D-1-GN-20-004170. ACG subsequently filed a third-party petition against Arbor Agency Lending, LLC, on related claims. After a time for discovery, Orloff moved for partial summary judgment on his claims against ACG. In response, ACG

4

argued the evidence raised a genuine issue of material fact regarding whether Orloff fully performed his contractual obligation under paragraph 21 by resorting to litigation before submitting the dispute to mediation. On December 16, 2020, the trial court signed an *Order Granting Plaintiff's Motion for Partial Summary Judgment*, finding that (1) ACG breached the contract, (2) Orloff established a right to specific performance, and (3) Orloff was entitled to attorney's fees in an amount "to be determined by the trier of fact." On January 5, 2021, Orloff filed a notice nonsuiting his claim for attorney's fees. On March 26, 2021, the trial court signed an order severing from the original cause number all causes of action asserted by Orloff against ACG and assigning the severed causes of action to Cause Number D-1-GN-21-001351. The severance made the partial summary judgment a final appealable order.

### ANALYSIS

As discussed hereinabove, ACG brings a single issue asking whether a plaintiff can obtain specific performance of a contract without performing an express, specific, non-ambiguous obligation (mediation before litigation) required of him by the contract being enforced. As it pertains to the facts of this case, ACG questions whether it is obligated to specifically perform the purchase obligation set forth in the contract in dispute, when Orloff breached that same agreement by foregoing mediation. Finding that where the essence of a contract requires contemporaneous mutual performance of unambiguous obligations, such as the contract in question in this case, the answer to that question is "no." In the context of a summary judgment proceeding, we find the trial court erred in finding Orloff was entitled to a judgment of specific performance, as a matter of law.

5

We review a trial court's ruling on a summary judgment motion under a *de novo* standard of review*. Trial v. Dragon*, 593 S.W.3d 313, 316-17 (Tex. 2019); *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005). The moving party has the burden of showing there is no genuine issue of material fact and it is entitled to judgment as a matter of law. TEX. R. CIV. P. 166a(c); *ConocoPhillips Co. v. Koopmann*, 547 S.W.3d 858, 865 (Tex. 2018); *Diversicare Gen. Partner, Inc. v. Rubio*, 185 S.W.3d 842, 846 (Tex. 2005). Evidence favorable to the nonmovant will be taken as true in deciding whether there is a disputed issue of material fact. *Fort Worth Osteopathic Hosp., Inc. v. Reese*, 148 S.W.3d 94, 99 (Tex. 2004). All reasonable inferences, including any doubts, must be resolved in favor of the nonmovant. *Valence Operating Co.*, 164 S.W.3d at 661.

In our *de novo* review, we consider all of the evidence in the light most favorable to the nonmovant, crediting favorable evidence to the nonmovant if reasonable jurors could and disregarding contrary evidence unless reasonable jurors could not. *Id.*; *Provident Life & Accident Ins. Co. v. Knott,* 128 S.W.3d 211, 215 (Tex. 2003). A fact is conclusively established if reasonable minds could not differ about the conclusion to be drawn from the record. *City of Keller v. Wilson*, 168 S.W.3d 802, 816 (Tex. 2005). That is, summary judgment evidence raises a genuine issue of material fact if reasonable and fair-minded jurors could differ in their conclusion in light of all of the summary judgment evidence. *Goodyear Tire & Rubber Co. v. Mayes*, 236 S.W.3d 754, 755 (Tex. 2007). "A defendant who conclusively negates [a single] essential element[] of a cause of action or conclusively establishes an affirmative defense is entitled to summary judgment" on that claim. *Frost Nat'l Bank v. Fernandez*, 315 S.W.3d 494, 508 (Tex. 2010).

When the trial court's order does not specify the grounds for summary judgment, we must affirm the judgment if any of the theories presented to the trial court and preserved for appellate review are meritorious. *Knott*, 128 S.W.3d at 216. When the trial court's summary judgment does specify a ground on which it was granted, we generally limit our review to that ground. *Cincinnati Life Ins. Co. v. Cates*, 927 S.W.2d 623, 625-26 (Tex. 1996).

### SPECIFIC PERFORMANCE

As an equitable remedy, specific performance is not a matter of right, although it may be an appropriate remedy for a breach of contract. *See Kress v. Soules*, 261 S.W.2d 703, 704 (Tex. 1953) (holding specific performance to be appropriate in a breach of contract for the sale of real property). As an equitable matter, enforcing a contract in equity by specific performance requires greater certainty about the contract's provisions than does enforcement by a suit for damages. *Paciwest*, *Inc. v. Warner Alan Props.*, *LLC*, 266 S.W.3d 559, 571 (Tex. App.—Fort Worth 2008, pet. denied); *Guzman v. Acuna*, 653 S.W.2d 315, 318-19 (Tex. App.—San Antonio 1983, writ dism'd).

To be entitled to specific performance a party must plead and prove the following: (1) no adequate remedy at law; *see Woody v. J. Black's LP*, No. 03-15-00293-CV, 2016 Tex. App. LEXIS 7093, at *11 (Tex. App.—Austin July 7, 2016, no pet.) (mem. op.); *South Plains Switching*, *Ltd. v. BNSF Ry. Co.*, 255 S.W.3d 690, 703 (Tex. App.—Amarillo 2008, pet. denied) (holding it to be a "fundamental rule of equity that specific performance may not be granted unless it is shown there is no adequate remedy at law"); (2) readiness to perform; *see Cozzens v. Barstow*, No. 03-97-00194-CV, 1997 Tex. App. LEXIS 6707, at *3 (Tex. App.—Austin Jan. 23, 1997, no writ) (mem. op.) (holding "[p]roof of the plaintiff's

7

readiness, willingness, and ability to perform the contract is an essential element of his cause of action for specific performance"); *Hendershot v. Amarillo Nat'l Bank*, 476 S.W.2d 919, 920 (Tex. Civ. App.—Amarillo 1972, no writ) (mem. op.) (same); and (3) performance of other material contractual obligations by the party seeking specific performance. *See DiGiuseppe v. Lawler*, 269 S.W.3d 588, 594 (Tex. 2008) ("It is also a general rule of equity jurisprudence in Texas that a party must show that he has complied with his obligations under the contract to be entitled to specific performance.").

Here, ACG and Orloff contractually agreed that if *any dispute related to this contract* (the *Commercial Contract* in dispute) arose, they would submit that dispute to mediation <u>before</u> resorting to litigation. Orloff contends paragraph 21 does not apply because of the plain language in paragraph 21 which provides: "This paragraph does not preclude a party from seeking equitable relief from a court of competent jurisdiction." Such a provision does not preclude the equitable relief of specific performance—to the contrary, it provides for it. Should a party refuse to comply with paragraph 21, as in this case, then the aggrieved party is not precluded from seeking equitable relief, it is specifically permitted to file suit, without first seeking mediation, wherein it is not precluded from seeking specific performance.

ACG also contends that Orloff waived by his own actions and inactions his right to specific performance of the *Commercial Contract*. ACG points to the absence of any effort to compel mediation until after litigation commenced. ACG further contends that Orloff did not affirmatively deny any purported non-occurrence of compliance with paragraph 21.

Because Orloff offered no summary judgment evidence that would support a finding that he has complied with the provisions of paragraph 21 of the contract in dispute by pursuing mediation, he has failed to establish, as a matter of law, his entitlement to an order granting specific performance relief. Appellant's sole issue is sustained.

CONCLUSION

The order of the trial court is reversed, and this matter is remanded to the trial court for further proceedings consistent with this opinion.

Patrick A. Pirtle
Justice

Doss, J., concurring.