## SHORT et al. v. SHORT.

### No. 4103.

Court of Civil Appeals of Texas. Amarillo. Nov. 29, 1933.

Rehearing Denied Jan. 15, 1934.

M. J. Baird, of Plainview, and Forrester & Adkins, of Wheeler, for appellants.

Sanders & Scott, of Amarillo, and D. O. Beene, of Mobeetie, for appellee.

HALL, Chief Justice.

On August 18, 1932, John Short filed his application in the probate court of Wheeler county, praying for the probate of the last will and testament of Mrs. Sarah F. Short. The will is dated June 6, 1921, and the testatrix signed it by making her mark. It is attested by J. R. Sims and J. C. Phipps. The appellants O. B. Short, Mrs. Mattie Monk, joined by her husband, and Annie Finch, contested upon the grounds that the testatrix lacked mental capacity to make the will at the time she executed it and undue influence exercised by John Short.

The probate court of Wheeler county admitted the will to probate. The contestants appealed to the district court, where, on February 27, 1933, upon a trial before the court, without a jury, judgment was again entered admitting the will to probate and ordering that letters testamentary issue to John Short as independent executor. The contestants by proper appeal have brought the controversy to this court.

The judgment of the district court is attacked upon the ground that the evidence offered to prove the execution of the will was insufficient and that it has not been probated in accordance with the statute and well-established rules of law.

It is shown by the record that the attesting witness Phipps was introduced and testified that he was called to the home of J. R. Sims, the other attesting witness, who had the will, and was told by Sims that it was the desire of Mrs. Short to sign it and have it witnessed, and that she wanted him, Phipps, to sign as a witness; that this statement was made in the presence of Mrs. Short; that witness read the will over in the presence of Mrs. Short; that she then told him it was her will and wanted the witness to subscribe it as an attesting witness; that she was present in the room when he and Sims signed it; that she signed by making a cross-mark under her name written at the end of the will; and that he saw her make the mark; that she was over twenty-one years of age at that time.

It was shown that Sims was in Oklahoma at the time of the trial.

R. S. art. 3344 provides, in part: "A written will produced in court may be proved: 1. By the affidavit of one of the subscribing witnesses thereto, taken in open court and subscribed by such witness. 2. If all the witnesses are non-residents of the county, or those resident of the county are unable to attend court, by the testimony of any one or more of them taken by deposition."

· John Short, a legatee and named in the will as executor of the estate of the testatrix, testified that he had seen the will the first time in Amarillo; that it had been written by Judge Frank Willis, who delivered it to the testatrix; that his mother could neither read nor write and that he, the witness, wrote her name, Sarah F. Short, at her request in the presence of the attesting witnesses Phipps and Sims, and that the witness' daughter was also present; that his mother made the cross-mark under her name in his presence and in the presence of the other parties named; that the attesting witnesses signed it in his mother's presence after she had signed it.

The appellants took no bill of exceptions to the action of the court in permitting John Short to testify with reference to the execution of the will. As stated, the only issues raised by their pleadings were lack of mental capacity of the testatrix and undue influence exercised by John Short. The issues raised by the three assignments of error urged here were not presented or preserved in any way in the trial court and we seriously question the right of appellants to urge the objections in this court not urged below. Crain v. Crain, 21 Tex. 790; Tourtelot v. Booker (Tex. Civ. App.) 160 S. W. 293; Holland v. Jackson (Tex. Civ. App.) 19 S.W.(2d) 428.

 By their first assignment they insist that the evidence offered by the witness Phipps to prove the execution of the will and by John Short, the principal beneficiary and proponent, was insufficient.

We have carefully reviewed the statement of facts and it appears that all the requirements of R. S. arts. 3348 and 8283 have been fully complied with. According to the first subdivision of article 3344, supra, the testimony of Phipps was sufficient to show the execution of the will, accompanied by the necessary statutory formalities. Sims being absent from the state, it was proper for the proponent to prove by John Short the circumstances surrounding the execution of the will. Stephenson v. Stephenson, 6 Tex. Civ. App. 529, 25 S. W. 649.

 John Short did not forfeit the legacy to which he was entitled under the terms of the will. He was a competent witness. Gamble v. Butchee, 87 Tex. 643, 30 S. W. 861.

 The objection that the court erred in probating the will because it is alleged that the testatrix signed it by making her mark and that there is no evidence in the record that the mark was intended as her signature, is without merit. She could neither read nor write. Under such circumstances it was proper for her to sign by making her mark, as the record shows was done in this instance.

We find no reversible error, and the judgment is affirmed.