**Marjorie Grissom BAUER, Appellant,**

v.

**ESTATE OF Roger B. BAUER, Deceased, Appellee.**

**No. A14–84–438CV.**

Court of Appeals of Texas, Houston (14th Dist.).

Jan. 31, 1985.

Rehearing Denied Feb. 28, 1985.

Jim D. Wiginton, Angleton, for appellant.

Craig W. Hathway, Wommack, Denman & Mauro, Lake Jackson, for appellee.

Before J. CURTISS BROWN, C.J., and CANNON and DRAUGHN, JJ.

## OPINION

**J. CURTISS BROWN, Chief Justice.**

This is an appeal from the trial court's refusal to give a jury instruction on insane delusion in a will contest. Roger Bauer, thirty-one years old and on the verge of economic success, was visiting his mother, the appellant in this case, in Green Valley, Arizona during the Christmas holidays of 1983. On December 30 he wrote a holographic will in the form of a letter to his girlfriend, Lai Lee. A few minutes later he committed suicide.

The letter contains the following statement:

"My primary reason for doing this a near complete lack of family love. It is something that will always be missing from my life. I will never be able to compensate for it no matter what."

In later paragraphs Roger calls upon Lai to take certain actions with regard to his burial, his car, his debts, his investment properties, and the gun with which he shot himself. Among the debts he ask her to pay out of his holdings is one of $5000 to his mother (the appellant). He suggests that this money can be used to pay for an eye operation for his sister Linda which would make contacts or glasses unnecessary. The last sentence of the letter states simply, "I will everything I own to Lai W. Lee."

The appellant/contestant claims in her sole ground of error that Roger's belief that he had "a near complete lack of family love" was not only false or unfounded, but amounted to an insane delusion. In support of her claim she points to proof at trial that Roger suffered from "intermittent explosive disorder," a psychological disorder. According to the expert testimony, the intermittent explosive disorder caused the several instances of violent behavior he displayed toward his mother, sister and father over a period of years. It does not cause hallucinations, but instead can cause one to build up in his mind an interpretation of a relationship with another, or of something said by that person, which could

be so totally unfounded as to amount to a delusion. We affirm.

We agree with appellant that if the issue of an insane delusion is raised, and the trial court submits nothing more than the general issue of testamentary capacity, such action is reversible error. *See Goans v. Green*, 464 S.W.2d 104 (Tex. 1970). However, it is also true that a failure to submit a jury issue is reversible only if the complaining party offered the missing special issue in substantially correct form. TEX.R.CIV.P. 279.

At the conclusion of the evidence, appellant requested the following instruction:

"You are instructed that an insane delusion as respects testamentary capacity is a belief in a state of circumstances that no rational person would accept as true. "You are further instructed that when testator's false belief amounts in law to insane delusions *in terms of his will or influence thereby*, testamentary capacity is lacking even though testator might know the nature and extent of his property, effect of his will, and the natural objects of his bounty and might be able to handle complex business matters" (Emphasis added).

An insane delusion has been defined in Texas as "the belief of a state of supposed facts that do not exist, and which no rational person would believe. The contestant of a will is entitled to an instruction on insane delusion if there is any evidence of probative force which, with the inferences that may reasonably be drawn therefrom, will support a finding that the testator was laboring under such a delusion which *affected the terms of his will. Lindley v. Lindley*, 384 S.W.2d 676, 679 (Tex.1964) (emphasis added).

We do not believe that appellant's issue was submitted in substantially correct form. The question is anything but trivial. The general rule is that where insanity is not shown, but only some insane delusion or monomania, the will is valid unless the terms of it appear to have been directly influenced by the infirmity. *Gulf*

*Oil Corp. v. Walker,* 288 S.W.2d 173, 180 (Tex.Civ.App.—Beaumont 1956, no writ). The *Gulf Oil* case further elaborates the test to be followed in setting aside a will:

> "A man may believe himself to be the supreme ruler of the universe and nevertheless make a perfectly sensible disposition of his property, and the courts will sustain it when it appears that his mania did not dictate its provisions. *Id.* at 180.

*See also Rich v. Rich,* 615 S.W.2d 795, 798 (Tex.Civ.App.—Houston [1st Dist.] 1981, no writ).

Nowhere in the record of this case does the testimony suggest that Roger would have made a different disposition of his property if he had not suffered from the intermittent explosive disorder. He and Lai had maintained a close relationship for six years before his death. They lived together for several years. She worked alongside him making repairs on his rental properties. When his father died he substituted Lai for his father as the primary beneficiary of his life insurance policy, listing her in his application as his "fiancee." He told his colleagues at work that Lai was his common-law wife. He also made a specific disposition of money to his mother in his will. In view of these facts, the jury was entitled to an issue which would present an either/or choice whether Roger's delusion in any way "affected the terms of his will," *Lindley v. Lindley, supra,* or "dictated its provisions," *Gulf Oil v. Walker, supra.* "Insane delusions in terms of his will or influence thereby," the "test" offered by appellant, masks the issue to be decided behind a flaccid and uncertain phrase which fails to state a proposition.

 We believe, moreover, that even if appellant had submitted a proper instruction, this case does not present the kind of false belief which amounts to an insane delusion as that term is defined in law. No mere mistake, or prejudice or ill-founded conclusion, can ever be the basis of setting aside a will. *Navarro v. Rodriquez,* 235 S.W.2d 665, 667 (Tex.Civ.App.—San Antonio 1950, no writ). A finding of insane delusion is conditioned on the testator's belief in a state of supposed *facts;* the existence or non-existence of "family love" is a comparatively subjective phenomenon not well suited to proof within our legal system.

Appellant and Linda Bauer (Roger's sister) claim that they loved Roger. Appellant testified that she made sacrifices over the years in his behalf. We do not doubt the sincerity of these statements. Yet we must ask: where, from Roger's point of view, could family love have existed except in his mind? Thus if, as he reported in his will and many times before to friends, he did not feel it, if it did not express itself in him, how can we then say that he possessed it?

A distinction between facts and ideas, then, while too rough to serve as a general rule, is the proper guide to the disposition of this case. *BLACK'S LAW DICTIONARY* 531–2 (5th ed. 1979) defines "fact" as "[a] thing done; an action performed or an incident transpiring; an event or circumstance; an actual occurence." We think that the tenor of this definition and of existing Texas precedents excludes the idea of "family love" from consideration as the basis of an insane delusion. Perhaps the classic Texas case on insane delusion is *Rodgers v. Fleming,* 3 S.W.2d 77 (Tex. Comm.App.1928, holding adopted). In *Rodgers* the testator believed that his nephew was going to kill him for his property. The testator had taken up carrying a pistol as a consequence of his belief. He also believed that astronomers were on the verge of discovering the location of the gates of heaven.

The false beliefs in *Rodgers,* then, concerned the nephew's intent to commit a specific act and the capacity of University of Texas astronomers to locate a specific place, heaven; in other words, to perform a specific action, to cause an actual occurrence. Thus precedent only exists for declaring as an insane delusion a belief which can be judged true or false by reference to the physical world or to the realm of specific acts and intentions.

In keeping with the spirit of *Rodgers* is *Green v. Goans*, 458 S.W.2d 705 (Tex.Civ. App.—El Paso, writ ref'd n.r.e. 464 S.W.2d 104 (Tex.1970). The testator in *Green* who had moved in to a room adjoining the house of his close friends, suddenly developed the belief that these friends were trying to kill him. Similarly, in *Lindley v. Lindley*, 384 S.W.2d 676 (Tex.1964), the testatrix's son had suffered a complete mental breakdown. He was taken to a hospital where it became necessary to tie him to his bed. The testatrix, who was 93 years old, saw this happen, and when the son died shortly thereafter, she developed the notion that the hospital and her two other children had caused the son's death and adjusted her will accordingly. The court in *Lindley* held that appellant was, under those facts, entitled to an instruction on insane delusion. In *Spruance v. Northway*, 601 S.W.2d 153 (Tex.Civ.App.—Waco 1980, writ ref'd n.r.e.), also cited by appellant, the testatrix believed that the appellee had put her in the hospital and was trying to get her property.

Unlike the insane delusions in the above cases, the term "family love" refers to an intangible sensation, an idea; it is a feeling which cannot exist independently of a positive belief in its existence. It is somewhat analogous to a gift under the law of property, which cannot be transferred—and thus cannot be a gift—unless it is actually received or delivered. A better analogy, perhaps, is provided by the law of libel, which distinguishes between facts and opinions. Facts, which can be proved true or false, are actionable; on the other hand, there is no such thing as a false idea. *A.H. Belo Corp. v. Rayzor*, 644 S.W.2d 71, 79 (Tex.App.—Fort Worth 1982, writ ref'd n.r.e.). In sum, a belief in a "near complete lack of family love" simply does not fall within that class of beliefs about which a judgment as to insane delusion can reasonably be made. Appellant's point of error is overruled.

The judgment of the trial court is affirmed.