**Joe Dan PHILLIPS, Appellant,**

v.

**Danny Ray NAJAR, Appellee.**

No. 08–93–00383–CV.

Court of Appeals of Texas,
El Paso.

April 6, 1995.

Lawrence L. Barber, Jr., Odessa, for appellant.

Ted Painter, County Atty., John Stickels, Dist. Atty., Monahans, for appellee.

Before BARAJAS, C.J., and LARSEN and McCLURE, JJ.

### OPINION

BARAJAS, Chief Justice.

Joe Dan Phillips appeals an order of the trial court that admits the will of Josephine E. Farr to probate. We affirm the order of the trial court.

### I. SUMMARY OF THE EVIDENCE

The relevant evidence is undisputed. On April 24, 1992, Farr appeared in the office of Ted Painter, a notary public, for the purpose of executing the disputed instrument. Also present were Sherry McCoy and Allen Martin, witnesses to the will, and Appellee, whom the will names as independent executor of Farr's estate.

Her manual dexterity severely hindered by arthritis and a stroke, Farr instructed Appellee to affix her signature to the instrument in the appropriate place with a rubber stamp, which he did. Farr then placed an "X" in her own handwriting on either side of her stamped signature. The two witnesses then signed in the usual fashion and placed their initials next to both "X's" to indicate that the marks were Farr's. Farr indicated to all present that she had read the document and that it was her last will and testament.

### II. DISCUSSION

In a single point of error, Appellant claims that the will does not meet the requirements of Section 59 of the Texas Probate Code because the document was not signed by anyone at the direction of Farr. We disagree.

Although it is difficult to discern from the argument in Appellant's brief, which consists of two sentences, he appears to concede that the will would be valid had Farr instructed Appellee to sign her name in Appellee's handwriting, as the statute expressly authorizes. *See* TEX.PROB.CODE ANN. § 59 (Vernon 1980); *Trezevant v. Rains,* 19 S.W. 567, 568

(Tex.1892), *rev'd on other grounds*, 85 Tex. 329, 23 S.W. 890 (1892) (on rehearing of same case); *Davenport v. Minshew*, 104 S.W.2d 951, 953 (Tex.Civ.App.—San Antonio 1937, writ ref'd). Appellant appears to complain, rather, that the will is invalid because of the manner in which Appellee complied with Farr's instruction. From the established case law that holds that a testator may instruct another person to sign her name for her by hand, we think it a small logical leap to conclude that she may also instruct another person to affix her name to a document with a rubber stamp, especially when, as here, she gave the instruction in front of all witnesses and expressed to them her testamentary intent.

Alternatively, we note that Farr's "X's" are themselves sufficient to meet the signature requirement of Section 59. *See Guest v. Guest*, 235 S.W.2d 710, 713 (Tex.Civ.App.—Fort Worth 1950, writ ref'd n.r.e.); *Mortgage Bond Corp. v. Haney*, 105 S.W.2d 488, 491 (Tex.Civ.App.—Beaumont 1937, writ ref'd); *Short v. Short*, 67 S.W.2d 425, 426 (Tex.Civ. App.—Amarillo 1933, no writ). Appellant has failed to challenge the validity of a handwritten mark intended as a substitute for a signature. Thus, insofar as he challenges the use of the rubber stamp, he challenges mere superfluous procedures apparently undertaken in an effort to redundantly comply with the statute. That use of the rubber stamp was unnecessary neither alters the validity of the will nor affects the sufficiency of Farr's "X's." Appellant's point of error is therefore overruled.

Having overruled Appellant's sole point of error, we affirm the order of the trial court admitting the will of Josephine E. Farr to probate.