**Jesse OROZCO, Jr., Appellant,**

v.

**Helen V. OROZCO, Appellee.**

**No. 04–94–00706–CV.**

Court of Appeals of Texas,
San Antonio.

Jan. 17, 1996.

Rehearing Overruled March 4, 1996.

---

Carl Pipoly, Law Offices of Carl Pipoly, Henry Grun, Jr., William L. Baskette, Jr., Law Offices of Henry Grun, Jr. & Assoc., San Antonio, for appellant.

Arthur Vega, Vega & Diaz, L.L.P., San Antonio, for appellee.

Before RICKHOFF, LÓPEZ and HARDBERGER, JJ.

## OPINION

RICKHOFF, Justice.

This is an appeal from a will contest wherein the purported will of the decedent, Maria C. Orozco Hinojosa, was admitted to probate. In four points of error, appellant asserts that the trial court erred by (1) denying Contestant's Motion for Summary Judgment; (2) denying Contestant's Motion for Instructed Verdict; (3) failing to set aside the jury's answer to question one; and (4) denying Contestant's Motion to Disregard Jury Answers, Substitute Answers and Enter Judgment. We affirm.

### SUMMARY OF FACTS

Hinojosa was admitted to a hospital on May 11, 1992, for evaluation of her central cord syndrome caused by severe rheumatoid arthritis, which was affecting her ability to move her arms and legs. Specifically, Hinojosa began experiencing severe neck pain

which was the impetus for her admission to the hospital for evaluation.

During her hospital stay, on May 14, 1992, Hinojosa met with an attorney regarding the preparation of her will. Her attorney took down the necessary information and was to return the next day.

Hinojosa's physician, Dr. William Edwards, requested a family conference for the morning of May 15, 1992. During the conference, Dr. Edwards recommended that Hinojosa undergo halo traction followed by surgical stabilization of her spine to prevent further loss of sensation. Dr. Edwards explained that whether surgery was undertaken or not, Hinojosa was risking death. The Contestants of the will testified that it was their understanding that having been informed of these options, Hinojosa expressed the desire to return home before making a decision regarding the surgery.

Hinojosa's attorney returned with the will during the afternoon of May 15, 1992. All of the people present during the will ceremony, including the two witnesses, the hospital notary and Hinojosa's attorney, testified that Hinojosa held a pen and placed her mark ("X") on the will. Dr. Edwards and another medical expert testified that based on her medical condition, Hinojosa would have been unable to hold a pen.

On the morning of May 16, 1992, Hinojosa underwent placement of the halo traction. Authorization for the procedure was signed by Andrew Orozco pursuant to a power of attorney Hinojosa previously executed. Hinojosa passed away on May 11, 1993.

## ARGUMENTS ON APPEAL

In the first point of error, appellant maintains the trial court erred in denying Contestant's Motion for Summary Judgment. Appellant's second point of error complains that the denial of Contestant's Motion for Instructed Verdict was erroneous. In his third point of error, appellant asserts that there was no evidence or insufficient evidence to support the jury's answer to question 1, and in his final point of error, appellant contends that the trial court erred in denying Contestant's Motion to Disregard Jury Answers,

Substitute Answers, and Enter Judgment because the jury's answer to question 4 is inconsistent with the other jury answers.

### 1. Denial of Motion for Summary Judgment

In his first point of error, appellant alleges that Contestant's Motion for Summary Judgment should have been granted because the will failed to meet the statutory requisites for a valid will under TEX.PROB.CODE § 59. Specifically, appellant contends that the will was not properly executed.

 In general, a denial of a motion for summary judgment is not a final judgment and, therefore, is not appealable. *See Novak v. Stevens,* 596 S.W.2d 848, 849 (Tex.1980); *Valencia v. Garza,* 765 S.W.2d 893, 897 (Tex. App.—San Antonio 1989, no writ). Furthermore, where a motion for summary judgment is denied by the trial judge, and the case is tried on its merits, the order denying the motion for summary judgment is not reviewable on appeal. *See Ackermann v. Vordenbaum,* 403 S.W.2d 362, 365 (Tex.1966); *Nash v. Civil Service Comm'n, Palestine,* 864 S.W.2d 163, 165 (Tex.App.—Tyler 1993, no writ); *Valencia,* 765 S.W.2d at 897.

 The instant case is an appeal from a trial on the merits following the trial judge's denial of Contestant's Motion for Summary Judgment. Therefore, the denial of the Motion for Summary Judgment is not a proper subject for appeal. Appellant's first point of error is overruled.

### 2. Denial of Motion for Instructed Verdict

In the second point of error, appellant argues that the trial court erred in denying Contestant's Motion for Instructed Verdict because the will failed to meet the statutory requisites of TEX.PROB.CODE § 59. Appellant contends that a will cannot be validly executed by a mark, unless the mark is accompanied by the testator's name in signed or printed form. Since Hinojosa's mark was not accompanied by her name in signed or printed form, but the signature block simply read "Testator (Her Mark)," appellant con-

cludes that the requisite execution under TEX.PROB.CODE § 59 cannot be shown.

■ An instructed verdict is only proper where the evidence conclusively supports only one verdict, thereby entitling movant to the requested judgment as a matter of law. *State v. ADSS Properties, Inc.*, 878 S.W.2d 607, 613–14 (Tex.App.—San Antonio 1994, writ denied). Where the evidence and reasonable inferences therefrom raise issues of facts, however, an instructed verdict is improper. *See Szczepanik v. First Southern Trust Co.*, 883 S.W.2d 648, 649 (Tex.1994); *State v. ADSS Properties, Inc.*, 878 S.W.2d at 614.

■ TEX.PROB.CODE § 59 requires a will to be signed by either the testator in person or by another person directed by the testator to sign the will on the testator's behalf. TEX. PROB.CODE ANN. § 59 (Vernon Supp.1996). Appellant argues that a testator's mark will only satisfy the requirements of section 59 if it is accompanied by the decedent's name in signed or printed form. If appellant is correct regarding the state of the law, appellant would have been entitled to an instructed verdict, because Hinojosa's mark is clearly not accompanied by her name in signed or printed form. However, we find that Hinojosa's mark alone was sufficient to meet the requirements of TEX.PROB.CODE § 59.

In the earlier cases cited by appellant, although the testator's mark did appear in the facts to be accompanied by the testator's printed or typewritten name, the courts held that the mark was a sufficient signature, without referring to the printed or typewritten name as a necessary accompaniment. *See, e.g., Mortgage Bond Corp. v. Haney*, 105 S.W.2d 488, 491 (Tex.Civ.App.—Beaumont 1937, writ ref'd) (mark sufficient where intended as signature); *Saathoff v. Saathoff*, 101 S.W.2d 910, 912 (Tex.Civ.App.—San Antonio 1937, writ ref'd) (instrument satisfied requisites of valid will where signed by mark); *Short v. Short*, 67 S.W.2d 425, 426 (Tex.Civ.App.—Amarillo 1934, no writ) (mark was proper signature where testator could not read or write). The only case which appears to support appellant's position is *Guest v. Guest*, 235 S.W.2d 710, 713 (Tex.Civ.

App.—Fort Worth 1950, writ ref'd n.r.e.), in which the court states:

> ... a will may be executed by a testator who is unable to read and write his name, by making his mark and instructing some other person to write his name [citations omitted].

The court in *Guest*, however, cites the three cases previously cited as support for this statement. As already noted, none of those cases hold that the mark must be accompanied by the testator's printed name in order to be a valid signature.

The issue was directly addressed more recently in the case of *Phillips v. Najar*, 901 S.W.2d 561, 562 (Tex.App.—El Paso 1995, no writ). Although the testator's mark in *Phillips* was accompanied by a rubber stamp of testator's signature, the court noted that the testator's mark was sufficient in itself to satisfy the signature requirement of TEX. PROB.CODE § 59. *Id.* The court explained:

> Appellant has failed to challenge the validity of a handwritten mark intended as a substitute for a signature. Thus, insofar as he challenges the use of the rubber stamp, he challenges mere superfluous procedures apparently undertaken in an effort to redundantly comply with the statute. That use of the rubber stamp was unnecessary neither alters the validity of the will nor affects the sufficiency of Farr's "X's."

We conclude that the mark identified as having been made by Hinojosa was sufficient to satisfy the signature requirement of TEX. PROB.CODE § 59, and, therefore, the Motion for Instructed Verdict contending that the mark in itself was insufficient was properly denied. Appellant's second point of error is overruled.

### 3. Jury's Answer to Question 1

In his third point of error, appellant asserts that there was no evidence or insufficient evidence to support the jury's answer to question 1 regarding whether Hinojosa placed her mark on the will.

■ Under the no evidence standard of review, the court considers only the evidence and inferences tending to support the find-

ings, disregarding the evidence and inferences contrary to the findings. *Davis v. City of San Antonio*, 752 S.W.2d 518, 522 (Tex. 1988); *Leitch v. Hornsby*, 885 S.W.2d 243, 246 (Tex.App.—San Antonio 1994, n.w.h.). The point of error must be overruled where the court concludes that there is more than a scintilla of evidence to support the finding. *Stafford v. Stafford*, 726 S.W.2d 14, 16 (Tex. 1987); *Leitch*, 885 S.W.2d at 246.

■■■ Every person present at the will ceremony testified that Hinojosa held a pen and placed her mark on the will. This is clearly more than a scintilla of evidence, and appellant's legal sufficiency challenge fails.

■■■ Under the factual sufficiency standard of review, the court considers all of the evidence, both supporting and contrary to the findings. *Pool v. Ford Motor Co.*, 715 S.W.2d 629, 635 (Tex.1986); *Leitch*, 885 S.W.2d at 246. Reversal is only required where the jury's finding is "so against the great weight and preponderance of the evidence as to be manifestly unjust." *Pool*, 715 S.W.2d at 635; *Leitch*, 885 S.W.2d at 246. The appellate court may not substitute its opinion for the judgment of the jury. *Pool*, 715 S.W.2d at 635.

■■■ As previously noted, every person present at the will signing ceremony, including the hospital notary and the hospital volunteer who served as a witness, testified that Hinojosa held a pen and made her mark. The notary verified Hinojosa's identity by checking her patient I.D., the attorney was familiar with Hinojosa's identity from having met her the prior day and Hinojosa was obviously well-known by her relatives and private nurse. On the other hand, Dr. Edwards testified that Hinojosa's medical condition prevented her from using her arms, and Contestant's medical expert, a nurse who had reviewed the medical records, testified that it was highly unlikely that Hinojosa could have made such a mark. Since neither Dr. Edwards nor the medical expert were present at the signing ceremony, it was within the providence of the jury to give greater weight to the testimony of those who were actually present. Appellant's third point of error is overruled.

### 4. Inconsistency of Jury Answers

In his final point of error, appellant argues that the trial court erred in denying Contestant's Motion to Disregard Jury Answers, Substitute Answers, and Enter Judgment because the jury's answer to question 4 is inconsistent with the other jury answers.[1] In answering question 4, the jury concluded that Antonio Orozco, who is identified in Hinojosa's will as her son, was not her son. Appellant asserts that this finding is inconsistent with finding that Hinojosa had testamentary capacity and was not unduly influenced, because she must have been either functioning under the insane delusion that Antonio Orozco was her son or unduly influenced to execute a will identifying Antonio Orozco as her son.

We note at the outset that appellant did not request a jury instruction on insane delusion, but asserts on appeal that the trial court should have disregarded the jury's finding that Hinojosa had testamentary capacity, because she was operating under an insane delusion. Thus, having failed to submit the issue to the jury, appellant requested the trial court to consider what effect the issue would have had on the jury's answers had it been properly submitted.

■■■ Where the terms of a testator's will are influenced by an insane delusion, the testator is said to lack testamentary capacity. *See Lindley v. Lindley*, 384 S.W.2d 676, 679 (Tex.1964); *Navarro v. Rodriguez*, 235 S.W.2d 665, 667 (Tex.Civ.App.—San Antonio 1950, no writ). Since an insane delusion would at most affect testamentary capacity, we only consider whether an inconsistency exists between the jury's answers to questions 2 and 4.

■■■ An insane delusion is defined under Texas law as "the belief of a state of supposed facts that do not exist, and which no rational person would believe." *See Lindley*,

---

1. We note that the allegations relating to the inconsistency in the jury's answers was not raised in Contestant's Motion to Disregard Jury Answers, Substitute Answers, and Enter Judgment, but in Contestant's Motion for New Trial.

384 S.W.2d at 679; *Bauer v. Estate of Bauer,* 687 S.W.2d 410, 411 (Tex.App.—Houston [14th Dist.] 1985, writ ref'd n.r.e.). If a foundation in fact exists for the belief, the belief is not considered an insane delusion, "even though the basis may be regarded by others as wholly insufficient." *Navarro,* 235 S.W.2d at 667.

Several witnesses testified that Hinojosa identified Antonio Orozco as her son and Andrew Orozco as her grandson. Antonio Orozco also testified that Tony Zuniga was his true father. Appellant argues that no factual foundation can be shown to exist for Hinojosa's belief that Antonio Orozco was her son in the absence of proof that Hinojosa was pregnant and gave birth to a child on the same day Antonio was born. However, there is no evidence in the record that this did not occur, and a question of fact was obviously raised regarding whether Antonio Orozco was Hinojosa's son in order for a jury question to have been submitted on the issue.

Although the jury was not persuaded that the evidence presented a sufficient basis for finding that Antonio Orozco was Hinojosa's son, there was some factual support for that belief. Since the jury directly considered the issue of whether Antonio Orozco was Hinojosa's son, we are not able to conclude that the jury failed to consider that Hinojosa believed Antonio Orozco to be her son in determining whether Hinojosa had testamentary capacity. We, therefore, are unpersuaded that the jury's answer to question 4 is inconsistent with their other findings. Appellant's fourth point of error is overruled.

## CONCLUSION

The trial court's judgment is affirmed.