TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-96-00712-CV






Elizabeth Dullye, Appellant



v.



Victor Charles Dullye, Appellee







FROM THE DISTRICT COURT OF LAMPASAS COUNTY, 27TH JUDICIAL DISTRICT


NO. 12,792, HONORABLE C. W. DUNCAN, JR., JUDGE PRESIDING







 This is an appeal from a will contest. Appellee, Victor Charles Dullye, offered the
holographic will of his sister, Janie Dullye Geeslin, for probate. Appellant, Elizabeth Dullye, niece of
appellee and testatrix, opposed probate. Following a jury trial which concluded in appellee's favor, the
trial court admitted the will to probate. Appellant brought this appeal, raising numerous points of error. 
We will affirm the order of the trial court admitting the will to probate but reverse the order as it pertains
to declaratory relief and attorney's fees.


STATEMENT OF FACTS

 Janie Dullye Geeslin died on October 12, 1995, in San Antonio, Texas, leaving a sizeable
estate comprised mainly of valuable ranch land and certificates of deposit. Twice widowed, she did not
have any children. She was survived by her brother, Victor, but preceded in death by another brother,
Louis, the father of appellant. For many years, Geeslin had been concerned with the disposition of her
estate and had drafted numerous wills. Appellee, Geeslin's only remaining brother, sought to probate a
holographic will dated November 30, 1993 (the "November will"). Appellant opposed probate, claiming
that the November will was not executed with testamentary intent and had been revoked by the execution
of later holographic wills. In addition, appellant counterclaimed for declaratory relief, requesting the court
to declare that no legal or valid will was made by Geeslin, that Geeslin died intestate, and to identify
Geeslin's heirs and their respective shares. Appellant also requested attorney's fees. Appellee responded
by filing an amended application for probate in which he sought reasonable attorney's fees and requested
the court to declare, among other things, that the November will was not the result of undue influence. 

 The will contest proceeded to jury trial. (1) Although seeking to probate the November will,
appellee also introduced into evidence a second holographic will executed by Geeslin. This will was dated
May 31, 1993, but the dates at both the top and bottom of the will had been altered to read "November
30, 1993." (2) Appellee planned to offer the May will for probate only if the November will was found
invalid. At trial, though, appellant used the May will in an attempt to convince the jury that the May will,
with its changed dates, revoked the November will. The jury, however, found that Geeslin had not revoked
the November will. (3) The trial court admitted the November will to probate and granted appellee
declaratory relief. The trial court also awarded appellee attorney's fees. Appellant subsequently brought
this appeal.


DISCUSSION

 Appellant combines argument on her first five points of error. In her first two points of
error, appellant contends that the trial court erred in denying her motions for directed verdict and judgment
notwithstanding the verdict. Appellant complains in her third and fourth points of error that there is no
evidence, or insufficient evidence, to support the jury's affirmative finding that the November will had not
been revoked. Her fifth point of error asserts that the trial court erred in not granting her motion for new
trial and by allowing it to be overruled by operation of law. We will overrule all five points of error.


A. Sufficiency of the Evidence

 In her third and fourth points of error, appellant attacks the legal and factual sufficiency of
the evidence to support the jury's finding that the November will had not been revoked. Under the no-evidence standard of review, the reviewing court considers only the evidence and inferences tending to
support the findings, disregarding the evidence and inferences contrary to the findings. See Orozco v.
Orozco, 917 S.W.2d 70, 73-74 (Tex. App.--San Antonio 1996, writ denied). If more than a scintilla of
evidence supports the finding, the point of error must be overruled. Id. More than a scintilla of evidence
exists where the evidence supporting the finding, as a whole, rises to a level that would enable reasonable
minds to differ in their conclusions. See Burroughs Wellcome Co. v. Crye, 907 S.W.2d 497, 499 (Tex.
1995). When considering a factual sufficiency point, the appellate court considers all of the evidence, both
supporting and contrary to the findings. See Orozco, 917 S.W.2d at 74. Reversal is only required where
the jury's finding is so contrary to the great weight and preponderance of the evidence as to be manifestly
unjust. See Pool v. Ford Motor Co., 715 S.W.2d 629, 635 (Tex. 1986); Orozco, 917 S.W.2d at 74.

 Appellant claims that appellee, as proponent of the will, did not meet his burden of proving
that the will had not been revoked. In a will contest instituted prior to admission of the will to probate, the
proponent of the will bears the burden of proving the will has not been revoked. See Tex. Prob. Code
Ann. § 88 (b)(3) (West 1980); Goode v. Estate of Hoover, 828 S.W.2d 558, 559 (Tex. App.--El Paso
1992, writ denied); Jones v. Whitely, 533 S.W.2d 881, 885 (Tex. Civ. App.--Fort Worth 1976, writ
ref'd n.r.e.). Once it has been proven that a will is otherwise valid and has been executed with the requisite
formalities, the law recognizes a rebuttable presumption of continuity so that it is not necessary for the
proponent to produce direct evidence of nonrevocation in the absence of evidence destroying the
presumption. See In re Estate of Page, 544 S.W.2d 757, 760 (Tex. Civ. App.--Corpus Christi 1976,
writ ref'd n.r.e.); Jones, 533 S.W.2d at 885. If a contestant presents sufficient evidence to rebut the
presumption of nonrevocation, then the burden of going forward with evidence shifts back to the proponent
who must prove, by a preponderance of the evidence, that the will was not revoked. See Page, 544
S.W.2d at 760-61.


 As evidence that the November will had not been revoked, appellee offered several of
Geeslin's relatives as witnesses who testified that they did not know of any wills executed by Geeslin after
the November will. Linda Bain, Geeslin's niece and guardian, testified that no other wills were ever found
despite diligent searching. Although Louise Douglas, Geeslin's neighbor, testified that she had seen
documents purporting to distribute Geeslin's estate after the November will had been executed, Douglas
also testified that she was unsure whether those documents were executed holographic wills or simply
drafts. Through the testimony of Dale Stobaugh, an examiner for the Texas Department of Public Safety
Crime Laboratory, appellant tried to convince the jury that Geeslin changed the date on the May will after
executing the November will. Appellee, however, introduced additional deposition testimony of Stobaugh. 
In that testimony, Stobaugh described as "extremely plausible" appellee's theory that Geeslin chose to
write an entirely new will, the November will, after she started making changes to the May will. The jury,
as the trier of fact, was the sole judge of the credibility of the witnesses and the weight to be given their
testimony. See Jones, 533 S.W.2d at 884.

 Appellee also introduced the two wills into evidence, and the jury was free to draw its own
conclusions from the wills. See Page, 544 S.W.2d at 761 (trier of fact is free to draw its own deductions
from all evidence). Neither will makes any reference to the other or contains any revocatory language. 
Nothing about the May will is inconsistent with the November will or suggests an attempt to revoke the
November will. Furthermore, the dates on the May will were changed in black ink, the same color ink in
which the November will was drafted. Additionally, the May will included a list of eight beneficiaries whose
names are numbered. Following the eighth beneficiary listed, there is a "9" written with no name
afterwards. On the November will, there are nine listed beneficiaries, and the additional beneficiary is
Geeslin's stepson. There is also a "10" written on the November will without an assigned beneficiary. The
jury could have inferred that the "9" on the May will was an indication that Geeslin intended to add another
beneficiary to her May will. The jury could have concluded further that Geeslin, after altering the dates on
the May will, instead chose to rewrite an entirely new will, the November will, in which she added the ninth
beneficiary and contemplated adding a tenth beneficiary. Viewing the evidence in the light most favorable
to the jury's finding that the November will had not been revoked, we cannot conclude that there is no
evidence to support the finding. Furthermore, there is sufficient evidence in the record to support the jury's
verdict. We hold that appellee met his burden of establishing by a preponderance of the evidence that the
November will had not been revoked. Points of error three and four are overruled.


B. Motions for Directed Verdict and Judgment Notwithstanding the Verdict 

 Appellant complains of the trial court's denial of her motions for directed verdict and
judgment notwithstanding the verdict in points of error one and two. The trial court should grant a directed
verdict or a judgment notwithstanding the verdict when reasonable minds can draw only one conclusion
from the evidence. See Brown v. Bank of Galveston, Nat'l Ass'n, 963 S.W.2d 511, 513 (Tex. 1998)
(trial court may grant judgment notwithstanding the verdict if there is no evidence to support one or more
jury findings on issues necessary to liability); Szczepanik v. First S. Trust Co., 883 S.W.2d 648, 649
(Tex. 1994) (instructed verdict is improper if there is conflicting evidence of probative value on any theory
of recovery). Appellant argues in these points of error that the evidence established the existence of two
inconsistent holographic wills of the same date and, since it cannot be determined which will was executed
last, neither should be given effect. (4) The jury, however, determined that the November will had not been
revoked, and such a determination necessarily implies that the November will had been executed last. As
we previously have discussed, the evidence supports the jury's conclusion. The trial court's denial of
appellant's motions, therefore, was proper. Points of error one and two are overruled.


C. Motion for New Trial

 Appellant complains that the trial court erred in denying her motion for new trial based on
the trial court's error in denying appellant's motions for directed verdict and judgment notwithstanding the
verdict and because there was no evidence, or insufficient evidence, to support the jury's finding that
Geeslin did not revoke the November will. We previously have held that sufficient evidence supports the
jury's verdict and that appellant is not entitled to a directed verdict or judgment notwithstanding the verdict. 
Accordingly, the trial court did not abuse its discretion in denying the motion for new trial or in allowing it
to be overruled by operation of law. See Jackson v. Van Winkle, 660 S.W.2d 807, 809 (Tex. 1983). 
Point of error five is overruled.


D. Declaratory Judgment

 In addition to admitting the November will into probate, the trial court declared that the
November will was the last will and testament of Geeslin and was not the product of undue influence, fraud
or duress. Appellant's final points of error challenge the merits of the declaratory relief. As a general rule,
an action for declaratory relief will not stand if another action or proceeding is pending between the same
parties that purports to adjudicate the issues involved in the declaratory action. See Texas Liquor Control
Bd. v. Canyon Creek Land Corp., 456 S.W.2d 891, 895 (Tex. 1970). When the trial court admitted
the November will to probate, it necessarily found that Geeslin signed the November will with testamentary
capacity, that it reflected her intent and was not the result of undue influence or coercion, and that it was
valid. See Thompson v. Deloitte & Touche, L.L.P., 902 S.W.2d 13, 16 (Tex. App.--Houston [1st
Dist.] 1995, no writ). Thus, the declaratory judgment involved the same issues as did the probating of the
will. We hold, therefore, that the declaratory judgment was unnecessary and cannot support declaratory
relief or the award of attorney's fees. The final points of error are sustained.


CONCLUSION

 The record contains sufficient evidence to support the jury's finding that the November will
had not been revoked. For the reasons stated, the trial court properly denied the motion for directed
verdict, motion for judgment notwithstanding the verdict, and motion for new trial. As the order admitting
the will to probate involved the same issues as those raised in the declaratory judgment, declaratory relief
and the award of attorney's fees were improper. Accordingly, the order of the trial court admitting the
November will to probate is affirmed, but the part of the judgment granting declaratory relief and awarding
attorney's fees is reversed.



 

 Marilyn Aboussie, Justice

Before Justices Powers, Aboussie and B. A. Smith

Affirmed in Part; Reversed and Rendered in Part

Filed: August 31, 1998

Do Not Publish
1. At trial, appellant challenged the will on the basis of lack of testamentary intent and revocation. 
However, only the revocation issue has been raised on appeal. As such, this opinion deals only with
revocation.
2. For clarification, we will refer to this second will as the "May will."
3. Having determined that the November will had not been revoked, the jury was not required to
answer whether the May will had been revoked.
4. We note that two inconsistent wills, executed on the same date without evidence as to which was
the latter executed, cannot be given effect. See Ashley v. Usher, 384 S.W.2d 696, 699 (Tex. 1964). 
However, "wills executed on the same day are to be construed together as far as they are consistent with
each other." 2 William J. Bowe & Douglas H. Parker, Page on the Law of Wills § 21.34 (1960).



LE="font-family: CG Times">C. Motion for New Trial

 Appellant complains that the trial court erred in denying her motion for new trial based on
the trial court's error in denying appellant's motions for directed verdict and judgment notwithstanding the
verdict and because there was no evidence, or insufficient evidence, to support the jury's finding that
Geeslin did not revoke the November will. We previously have held that sufficient evidence supports the
jury's verdict and that appellant is not entitled to a directed verdict or judgment notwithstanding the verdict. 
Accordingly, the trial court did not abuse its discretion in denying the motion for new trial or in allowing it
to be overruled by operation of law. See Jackson v. Van Winkle, 660 S.W.2d 807, 809 (Tex. 1983). 
Point of error five is overruled.


D. Declarato