*Court Of Appeals*
*Fourth Court of Appeals District of Texas*
*San Antonio*



★   ★   ★



★   ★   ★

# MEMORANDUM OPINION

No. 04-07-00853-CV

Eduardo **DIAZ**,
Appellant

v.

Leticia **COVARRUBIAS** and Jose Guadalupe Covarrubias,
Appellees

From the 341st Judicial District Court, Webb County, Texas
Trial Court No. 2005CVE203-D3
Honorable Elma Salinas Ender, Judge Presiding

Opinion by:    Alma L. López, Chief Justice

Sitting:        Alma L. López, Chief Justice
                Sandee Bryan Marion, Justice
                Rebecca Simmons, Justice

Delivered and Filed:   July 9, 2008

REVERSED AND RENDERED

Eduardo Diaz appeals a judgment rendered in favor of Leticia Covarrubias and Jose Guadalupe Covarrubias (collectively "Covarrubias") contending the trial court erred by: (1) denying his motion for summary judgment based on limitations; and (2) entering a judgment contrary to the jury's verdict. Covarrubias responds to these issues and further asserts that this court lacks jurisdiction to consider this appeal because the notice of appeal was untimely filed. We reverse the trial court's judgment and render judgment in accordance with the jury's verdict.

**JURISDICTION**

Covarrubias contends this court does not have jurisdiction to consider this appeal because Diaz's motion for new trial was untimely filed and the notice of appeal was not filed within thirty days after the date the judgment was signed. *See* TEX. R. APP. P. 26.1. On December 11, 2007, this court issued an order directing Diaz to show cause why this appeal should not be dismissed for lack of jurisdiction because the motion for new trial appeared to have been untimely filed. Diaz responded that the motion for new trial was deposited in the mail in a properly addressed and stamped wrapper on or before the last day for its filing and was received by the trial court clerk within ten days after the filing deadline. On December 20, 2007, this court issued an order deeming this response adequate to show cause why the appeal should not be dismissed based on Rule 9.2(b) of the Texas Rules of Appellate Procedure. *See* TEX. R. APP. P. 9.2 (b). Because Diaz's motion for new trial was timely filed by mail pursuant to Rule 9.2(b), his notice of appeal was timely filed, and this court has jurisdiction to consider this appeal.

**SUMMARY JUDGMENT**

In his first issue, Diaz contends the trial court erred in denying his motion for summary judgment based on limitations. Following the denial of the summary judgment, a jury trial was held on the merits of the underlying cause. A trial court's denial of a motion for summary judgment is not reviewable on appeal when the case has been tried on the merits. *Orozco v. Orozco*, 917 S.W.2d 70, 72 (Tex. App.—San Antonio 1996, writ denied); *see generally* Timothy Patton, *Summary Judgments in Texas* § 8.01[3][a] (2007). Accordingly, we do not review the trial court's denial of Diaz's motion for summary judgment.

**ERRONEOUS JUDGMENT**

In his second issue, Diaz contends that the trial court erred in entering a judgment that was inconsistent with the jury's verdict. Although the jury found Diaz to be only 70% negligent, the trial court entered judgment awarding Covarrubias 100% of the amount of the damages awarded by the jury. Covarrubias responds that Diaz waived this objection by failing to appear at the hearing on the motion for judgment on the verdict. It is well established, however, that where there is no irreconcilable conflict in the jury's findings, the trial judge has a ministerial duty to enter a judgment on the verdict, and the matter involves no judicial or discretionary powers. *Traywick v. Goodrich*, 364 S.W.2d 190, 191 (Tex. 1963); TEX. CIV. PRAC. & REM. CODE ANN. § 33.011 & 33.012 (Vernon Supp. 2007) (providing trial court shall reduce amount of damages to be recovered by claimant by a percentage equal to the claimant's percentage of responsibility and defining claimant to include person injured and any person seeking damages for injury to that person). Because the trial court erred in failing to enter a judgment on the jury's verdict, the judgment is reversed, and judgment is rendered in accordance with the jury's verdict.

**CONCLUSION**

The trial court's judgment is reversed, and judgment is rendered in accordance with the jury's verdict.

Alma L. López, Chief Justice